982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth G.M. MATHER, Trustee for Moran Pipe & Supply Co.,
Inc., Debtor, Appellant,
v.
I.F. PIPE COMPANY, Mike Kahn Oil Company, Kahn Family
Ventures, Michael Kahn, Kahn Drilling Fund A, J.
Leonard Levy, Appellees.
 No. 92-7005.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bankruptcy trustee Kenneth G.M. Mather appeals from a jury verdict entered in favor of defendants. The trustee brought this action to recover alleged preferential transfers which defendants received from the estate of Chapter 7 debtor Moran Pipe & Supply Company. Following the jury's decision, the trustee filed a motion for judgment notwithstanding the verdict, which was denied. He now appeals that denial. We affirm.
 
 
 3
 The trustee argues that the evidence presented at trial does not support the jury's conclusion that no preferential transfers or fraudulent conveyances occurred between defendants and the debtor. He maintains, therefore, that the trial court erred in denying the motion for judgment notwithstanding the verdict. We review de novo the denial of the j.n.o.v. motion. Goodwin v. Enserch Corp., 949 F.2d 1098, 1100 (10th Cir.1991). In doing so, however, we view the evidence in a light favorable to the defendants. Id. at 1101. " '[W]e may find error only if the evidence points but one way and is susceptible to no reasonable inferences supporting [the defendants].' " Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir.1991) (quoting Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988)).
 
 
 4
 The debtor and defendants are involved in the tubular pipe supply business. When construed favorably to defendants, the trial evidence reveals that I.F. Pipe made an oral agreement with debtor to facilitate the sale of pipe. Using debtor's customer lists, I.F. Pipe sold goods directly to those third parties. The pipe came from I.F. Pipe inventory and was not made part of debtor's stock. Debtor's involvement was limited to generating the paperwork necessary to consummate the sale.
 
 
 5
 Debtor wrote out invoices for the sales, and payment on those invoices was sent directly to debtor. When received, however, the checks were diverted from the debtor to the account of I.F. Pipe or, in some cases, one of the other defendants. Debtor never took possession of the funds. I.F. Pipe deposited the checks, paid its suppliers and vendors, and then took a commission on the pipe sales. The remaining profit was forwarded to the debtor.
 
 
 6
 The trustee's evidence suggested a very different scenario. His evidence, as manifested in the testimony of his expert, suggested that I.F. Pipe sold goods to debtor, who in turn inventoried those goods and sold them to third parties. When payment on the invoices came in, however, defendants diverted the funds so that they would have an advantage as creditors. The trustee's expert testified that, although I.F. Pipe received approximately 1.8 million dollars in payment from this arrangement with debtor, only five hundred ninety thousand was forwarded to debtor's account. The trustee contends that the difference between these two figures is the amount owing to the bankruptcy estate.
 
 
 7
 Pursuant to 11 U.S.C. § 547, the trustee must prove the following to establish a voidable preferential transfer:
 
 
 8
 (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
 
 
 9
 (1) to or for the benefit of a creditor;
 
 
 10
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 
 
 11
 (3) made while the debtor was insolvent;
 
 
 12
 (4) made--
 
 
 13
 (A) on or within 90 days before the date of the filing of the petition; or
 
 
 14
 (B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and
 
 
 15
 (5) that enables such creditor to receive more than such creditor would receive if--
 
 
 16
 (A) the case were a case under chapter 7 of this title;
 
 
 17
 (B) the transfer had not been made; and
 
 
 18
 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
 
 
 19
 11 U.S.C. § 547(b). Defendants' main argument at trial was that debtor never owned the pipe, and therefore that no preferential transfer occurred under the statute.
 
 
 20
 There can be no preferential transfer if the funds involved do not constitute property of the debtor. See Kenan v. Fort Worth Pipe Co. (In re George Rodman, Inc.), 792 F.2d 125, 127 (10th Cir.1986); see also Begier v. I.R.S., 496 U.S. 53, 58 (1990) ("The reach of § 547(b)'s avoidance power is ... limited to transfers of 'property of the debtor.' ").[1] Property of the debtor is implicated if the transfer deprives the estate of funds which could otherwise be used to satisfy creditors' claims. Kupetz v. United States (In re California Trade Technical Schs., Inc.), 923 F.2d 641, 645 (9th Cir.1991). It is the debtor's control of the funds, or lack thereof, which is central to the determination whether the transfer involves debtor's property. See Herzog v. Sunarhauserman (In re Network 90? , Inc.), 126 B.R. 990, 994 (N.D.Ill.1991).
 
 
 21
 When viewed in a light most favorable to defendants, the record establishes that debtor never had any control over the pipe that was transferred or the funds forwarded to pay for that pipe. The goods were never made part of debtor's inventory. Moran Pipe & Supply's involvement was limited to extending the use of its customer lists and the act of sending out invoices and creating purchase orders. Furthermore, the bankruptcy estate was not diminished under defendants' theory of the case. To the contrary, the estate was enhanced as a result of the infusion of profit received from the transaction. Given that the record supports defendants' contention that the pipe was never property of the debtor, we need not reach the other issues raised by the trustee. We hold that the district court did not err in denying the motion for judgment notwithstanding the verdict.
 
 
 22
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The same showing must be made to establish a fraudulent conveyance. Krommenhoek v. A-Mark Precious Metals, Inc. (In re Bybee), 945 F.2d 309, 315 (9th Cir.1991). For this reason, the trustee's fraudulent transfer issue falls along with the preference issue